IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN FOLINO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-1584 |
| | ) | |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| JOHN DOE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**I.       MEMORANDUM**

Pending before the Court is Plaintiff John Folino's Motion for Expedited Discovery (**Doc. 4**). For the reasons that follow, Plaintiff's Motion will be GRANTED.

**A.    BACKGROUND**

On December 6, 2017, Plaintiff filed a Complaint against thirteen currently unknown Defendants who allegedly unlawfully accessed his Google e-mail account on a protected computer, in violation of The Computer Fraud and Abuse Act. See generally Doc. 1. Currently, the only information Plaintiff possesses about the Defendants is the IP addresses they used to access his account. Doc. 4 ¶ 2. Plaintiff now seeks leave to conduct early discovery to learn the identity of these thirteen individuals from different internet service providers (ISPs), including MCI Communications Services, Inc. d/b/a/ Verizon Business, Atlantic Broadband Finance, LLC, Compact Business Communications, LLC, Armstrong Cable Services, Time Warner Cable Internet LLC, and Cellco Partnership CBA Verizon Wireless. Specifically, Plaintiff seeks an order permitting him to serve third party subpoenas on these entities pursuant to Rule 45 of the Federal Rules of Civil Procedure in order to obtain identifying information about each John Doe

1

<2>

Defendant, including the account holder's name, billing address, phone number and the address where internet services were being provided. Doc. 4 ¶ 4. Plaintiff alleges that, without this information, he cannot serve Defendants or pursue this lawsuit. Id. ¶ 9.

**B.    ANALYSIS**

Formal discovery generally is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed.R.Civ.P. 26(d)(1). However, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Fed.R.Civ.P. 26(b). Courts have found that good cause exists to issue a Rule 45 subpoena to discover a John Doe defendant's identity before a Rule 26(f) conference, where: (1) plaintiff states a viable claim for relief, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) defendants have a minimal expectation of privacy. Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir.2010); Malibu Media, LLC v. John Does 1–18, 2012 WL 8264665 (E.D. Pa. 2012).

Plaintiff's request satisfies each of these criteria. First, Plaintiff has alleged sufficient facts to show that Defendants violated The Computer Fraud and Abuse Act by "intentionally access[ing] [his] computer without authorization . . . and thereby obtain[ing]—information from [his] protected computer." 18 U.S.C. § 1030(a)(2)(C). Plaintiff further claims that, as a result of these violations, he suffered damage or loss "aggregating at least $5,000 in value." 18 U.S.C. § 1030(g); id. § 1030(c)(4)(A)(i)(1). Second, Plaintiff has submitted to the Court his proposed discovery requests, which are sufficiently narrowly tailored to gather the minimum information necessary to discover Defendants' identities. Third, the Court sees no other way for Plaintiff to discover Defendants' identities outside of serving a subpoena on the ISPs. Fourth, Plaintiff

clearly needs the information requested, as he cannot serve Defendants or proceed with this lawsuit until he can identify Defendants.  Finally, there are no substantial privacy concerns here.  Pursuant to the Cable Privacy Act, a cable operator may disclose information regarding the identity of a subscriber if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order.  47 U.S.C. § 551(c)(2)(B).  Providing notice and an opportunity to file a Motion to Quash/Modify gives the ISP and Defendants an opportunity to assert any applicable privilege prior to the information being provided to Plaintiff.

Therefore, based upon consideration of the factors identified above, Plaintiff's motion will be granted.

## II.     ORDER

For the reasons stated above, Plaintiff's Motion (**Doc. 4**) is GRANTED.  Plaintiff John Folino may subpoena MCI Communications Services, Inc. d/b/a Verizon Business; Atlantic Broadband Finance, LLC; Comcast Business Communications, LLC; Armstrong Cable Services; Time Warner Cable Internet LLC; and Cellco Partnership DBA Verizon Wireless for the limited purpose of obtaining personal identifying information regarding the John Doe Defendants. The subpoenas shall be in substantially the same form as those attached as Exhibit B to the Motion. MCI Communications Services, Inc. d/b/a Verizon Business; Atlantic Broadband Finance, LLC; Comcast Business Communications, LLC, Armstrong Cable Services; Time Warner Cable Internet LLC; and Cellco Partnership DBA Verizon Wireless are hereby ordered to comply with those subpoenas pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS SO ORDERED.

December 13, 2017                                    s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge


cc (via ECF email notification):


All counsel of record